Jacob Markowitz, J.
This is a proceeding, pursuant to article 78 of the Civil Practice Act, for an order directing the members of the Board of Estimate of the City of New York and the Commissioner of Traffic of the City of New York to modify (1) a resolution adopted by the board and (2) a traffic regulation adopted by the Commissioner, so as to prohibit vehicles from carrying advertising signs within specified distances of arterial highways, public parks and State parks or parkways.
Respondents have moved to dismiss the amended petition for alleged insufficiency, and also on the further grounds that petitioners have no standing to sue and that the court may not direct modification of the resolution or of the traffic regulation because they arc “ legislative actions ”.
Petitioners allege that they are residents and taxpayers of the City of New York, as well as directors of the Park Association of the City of New York, Inc., a nonprofit membership corporation, organized for the preservation and extension of city parks and playgrounds. They further allege that on May 34,1959 the Board of Estimate adopted a resolution authorizing corporations operating omnibuses, pursuant to franchises granted by the city, to place advertising on the exteriors of their buses, on condition that they pay to the city 5% of the gross revenue derived from the advertising and that the advertising meet with the city’s approval. Petitioners charge that insofar as said resolution permits buses to carry exterior advertising on thoroughfares in or adjoining city parks or on parkways or on highways built with Federal or State aid, it is illegal in that it violates section 6 of the Rules and Regulations of the Department of Parks, section 21-B of the Zoning Resolution adopted by the City Planning Commission, and section 675 of the State Conservation Law. The petition alleges that buses are actually carrying exterior advertisements in or adjacent to certain public parks and within areas in which advertising is prohibited by said regulations and enactments.
Section 6 of the Rules and Regulations of the Department of Parks, upon which petitioners rely, provides, as far as relevant, that “No person shall distribute or display any flag, banner, sign or other matter for advertising purposes within any park or park street. No person shall display, by means of aircraft, kite, balloon, aerial bomb or any other device, any *342 flag, banner, sign or any other matter for advertising purposes above the surface of any park or park-street ” (italics supplied). “ Park-street ” is defined in subdivision c of section 1 as “ all street property around the park for the full width thereof.”
If section 6 were the only section of the rules and regulations dealing with the subject of advertising, it would be necessary to determine whether its wording is broad enough to prohibit omnibuses or other vehicles carrying exterior advertising signs from traveling through parks or on “ park streets ”. Section 6, i't is important to note, does not specifically mention advertising carried by vehicles using the park roads or park streets. The second sentence of section 6 appears to relate only to advertising in the sky “ above the surface of any park or park street ’ ’ rather than to advertising carried by vehicles on the surface of the park or a park street. The reference to “ aircraft, kite, balloon, aerial bomb or any other device ” confirms the meaning of the words “ above the surface of any park or park-street” (italics supplied). The words “or any other device ’ ’, under the rule of construction, relate to devices of a character similar to those specifically enumerated in the language immediately preceding those words. It is clear, however, that section 6 was not intended to deal with the subject of advertising carried by moving vehicles, for that subject is specifically covered by a wholly different section of the rules and regulations, viz., section 41. Section 41 is entitled “ Restrictions on Vehicles”. Subdivision a-2 of section 41 reads as follows: “ Vehicles having any name, insignia, or sign painted or displayed thereon for business or advertising purposes are prohibited m parks except as provided in paragraph a-1 of this section. * * * Omnibuses and vehicles owned and operated by governmental agencies, of types normally permitted to operate on the parkways are excepted from this rule.” (Italics supplied.) The failure of section 6 to refer to advertising carried by vehicles on the surface of a park road was, in the circumstances, obviously not inadvertent, but, on the contrary, due to the fact that the subject of advertising carried by surface vehicles is dealt with in section 41. By virtue of subdivision a-2 of section 41, omnibuses are free to operate in parks, for they are expressly excepted from the prohibition, in the first sentence of that subdivision, against the use of vehicles carrying advertising matter in parks. Omnibuses are also free to operate on “park-streets”, because section 41 applies, by its terms, only to “ parks ”.
Petitioners contend that in view of the absence of a comma after the word “ omnibuses ”, in subdivision a-2 of section 41, *343 the word “ omnibuses ” is modified by the words “ owned and operated by governmental agencies ’ ’. They maintain, therefore, that only government buses are permitted to carry exterior advertising*. The difficulty with this interpretation of section 41 is that if the intent of the section were as contended by petitioners, the word “ omnibuses ” would be surplusage, for the word “ vehicles ” would include omnibuses. “ Vehicle ” is defined in Funk and Wagnall’s College Standard Dictionary as “ that in or on which anything is carried; especially a contrivance with wheels or runners for carrying something; a conveyance, as a car or sled”. The sentence, had the intent been as claimed by petitioners, would presumably have read: ‘1 vehicles owned and operated by governmental agencies, of types normally permitted to operate on the parkways are excepted from this rule.” The fair meaning of the language actually used is that all omnibuses of types normally permitted to operate on the parkways are permitted to carry exterior advertising in parks, and that all other vehicles of the same types, which are owned and operated by governmental agencies, may likewise do so. The word “ omnibus ” is defined in subdivision q of section 1 to “ include any vehicle held and used for transportation of passengers for hire.” This definition, too, tends to negative petitioners’ theory that section 41 was intended to permit only omnibuses operated by governmental agencies (such as school and military buses) to carry exterior advertising* in parks. It is extremely doubtful that school and military buses would come within the above definition of omnibuses, viz., vehicles held and used for transportation of passengers for hire. If petitioners’ construction of the language of subdivision a-2 of section 41 were correct, bus lines owned by the city carrying passengers for hire (of which there were many not too long ago and some presently in operation) would be permitted to carry advertising in the parks while privately owned franchised omnibuses for hire with authorized routes through parks would not be permitted to do so. It is improbable that such discrimination was intended, apart from its doubtful validity.
Petitioners fail to allege in their amended petition that the franchised omnibuses which are authorized by the board’s resolution to carry exterior advertising are not of the ‘ ‘ types normally permitted to operate on the parkways ” nor are there any factual allegations to support such a conclusion. It is fair to assume that if any franchised buses carrying advertising are operating within parks, they are of the types normally permitted to use the roadways of the parks. There is, therefore, no basis *344 in the amended petition for a holding that the buses here involved are prohibited from carrying exterior advertising in park areas.
Section 21-B of the Zoning Resolution provides that “no advertising sign shall hereafter be erected, placed or painted, nor shall any existing advertising sign be structurally altered, in any use district within 200 feet of an arterial highway shown as a ‘ principal route ’, ‘ parkway ’ or ‘ toll crossing ’ on the ‘ Master Plan of Arterial Highways and Major Streets ’, provided such arterial highway has been designated by the City Planning Commission as an arterial highway to which the provisions of this section shall apply, or within 200 feet of a public park of one-half acre or more in area, if such advertising sign is within view of such arterial highway or park.” The wording of this resolution indicates that it was intended to relate only to stationary signs. Moreover, the Planning Commission’s lack of jurisdiction to regulate the use of the city’s streets adds confirmation of this view.
Section 675 of the State Conservation Law provides that “ no person shall erect or maintain within five hundred feet of the border of any state park or parkway any advertising sign or advertising structures or devices of any kind ” except under a written permit. This section applies to “ all parkways constructed within the limits of a city with state funds and/or federal highway aid, by or with the approval of a regional state park commission charted with responsibility for the maintenance of such parkways ”. The wording of section 675 appears to be restricted to stationary signs. There is nothing in the section to suggest an intention to bar vehicles carrying exterior advertising from traveling on the parkways. It is accordingly unnecessary to consider the effect of the failure of the amended petition to allege that any of the buses franchised by the city, which have been authorized to carry exterior advertising, pass over parkways constructed with the aid of State or Federal funds.
It follows that the petition fails to make out a good case on the theory that the May 14, 1959 resolution of the Board of Estimate violates the regulations of the Park Department, the Zoning Resolution, or the State Conservation Law.
Petitioners also claim that section 152 of the Traffic Regulations, as amended by the Commissioner of Traffic of the City of New York, effective June 1, 1959, is in conflict with the regulations of the Park Department, the Zoning Resolution and the State Conservation Law. That section, as amended, reads: “No person shall operate, stand, or park a vehicle on any street, or *345 cause such vehicle to be so operated, stood or parked for the purpose of advertising, except that advertising notices may be put upon a motor vehicle when such vehicle is in use for normal delivery or passenger service, and not merely or mainly for the purpose of advertising ’ ’. This section refers to vehicles generally, but it does not purport to authorize vehicles carrying exterior advertising to use roads or parkways if such use would violate the regulations of the Park Department, the State Conservation Law, or any other applicable statute or legal enactment. (It is to be noted that there is no allegation in the amended petition that any vehicles other than omnibuses carrying exterior advertising are in fact using roads or parkways in violation of said regulations and statutes.) As section 152 does not purport to authorize vehicles carrying exterior advertising to use roads or parkways which are forbidden to such use, by regulations of the Park Department or otherwise, there is no basis for compelling the Traffic Commissioner to modify its provisions.
Even if it be assumed that petitioners have legal standing to maintain this proceeding, which is disputed by respondents, their failure to state a good case for relief requires dismissal of their petition. As they possess no cause of action, for the reasons previously discussed, it is unnecessary to consider whether the actions of the Board of Estimate and of the Traffic Commissioner are legislative in character and therefore beyond the power of the court to review or modify. It is likewise needless to decide whether the franchise power of the Board of Estimate takes precedence over the regulations of the Park Department relating to parks and “ park-streets ”.
Although the court is constrained to overrule petitioners’ contentions in this proceeding, it is of the opinion that they, nevertheless, deserve a word of commendation for their vigilant efforts, in the public interest, to protect the parks from the evils of undue commercialism and to maintain and preserve them, as far as possible, solely for proper park purposes. The motion to dismiss is granted.